UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**MATTHEW CHARLES,**
          Plaintiff,

    v.                                            Case No. 13-C-0265

**HEALTH SPAN INC. and**
**HOLLY NYGRO**
          Defendants.

---

## ORDER

Plaintiff has filed a lawsuit in this court against Health Span Inc., a corporation that appears to operate the assisted-living facility in which he resides, and Holly Nygro, the alleged director of Health Span. Plaintiff alleges that certain individuals in the assisted-living facility are constantly yelling at him and making him depressed.

Federal courts are courts of limited jurisdiction, and I must examine newly filed complaints to ensure that they properly allege federal jurisdiction. See Chase v. Shop n' Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997); Wisconsin Knife Works v. National Metal Crafter, 781 F.2d 1280, 1282 (7th Cir. 1986). In general, federal jurisdiction can be premised on a federal question or on diversity of citizenship. See 28 U.S.C. §§ 1331 and 1332. Federal question jurisdiction exists over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Diversity jurisdiction requires "complete diversity," that is, no plaintiff can be a citizen of the same state as any defendant. Matchett v. Wold, 818 F.2d 574, 575 (7th Cir. 1987). A corporate defendant is considered to be a

citizen of the state where it is incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c).

Plaintiff's complaint does not establish federal question jurisdiction, as there is no federal law that would provide plaintiff with a claim against the defendants under the facts he alleges. Further, plaintiff has not established diversity jurisdiction, as he has not alleged that he and the defendants are citizens of different states or that the amount in controversy exceeds $75,000. As such, I lack subject matter jurisdiction over this case.

In closing, I note that I am not judging the merits of plaintiff's claims. Though his claim cannot proceed in federal court, he is free to seek relief in state court.

Accordingly, **IT IS ORDERED** that this case is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed without prepayment of the filing fee is **DENIED** as **MOOT**.

Finally, **IT IS ORDERED** that the Clerk of Court enter judgment.

Dated at Milwaukee, Wisconsin, this 14th day of March, 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge